### THE ST. BERNARD.

### MORGAN v. VLASTO.

(District Court, S. D. New York. January 17, 1901.)

1. CHARTER PARTY—CONSTRUCTION—LAY DAYS.

A charter party provided that from 6 o'clock of the morning next after the vessel "is reported and all ready to discharge," of which notice is to be given by the captain in writing to the consignee, the lay days shall begin to run. The consignee received verbal notice of the arrival of the vessel in the harbor at 9 a. m. of September 8th, and gave notice to her agents, designating a certain pier for her berth within an hour or two afterwards, before written notice of readiness to discharge was received. About 11 a. m. of the same day such written notice was given, which, however, was false, as the vessel was still in the harbor. She did not proceed to her pier until 9 a. m. of September 9th. *Held*, that the lay days did not begin to run until 6 a. m. of the next working day; and where the vessel was discharged on the 21st, after deducting 10 hours of a working day on which it rained, and 1 Sunday, and 1 day's disability of the vessel, the discharge was completed within the lay-day period of 7 days and 17 hours given by the charter.

2. SAME.

A designation by a charterer of a berth for a vessel, on notice of its arrival in port, was given within a reasonable time when delivered within two or three hours from such notice of arrival.

In Admiralty. Demurrage. Lay days.

Martin A. Ryan, for libelant.

Convers & Kirlin and Charles R. Hickox, for the St. Bernard.

BROWN, District Judge. As respects the time when the lay days begin to run, the charter is so explicit that no variation from its terms can be allowed, i. e. "from 6 o'clock of the morning next after the vessel is reported and all ready to load or discharge. of which the captain is to give notice in writing to shippers or consignees."

In Aalholm v. A Cargo of Iron Ore (D. C.) 23 Fed. 620, the terms "all ready to discharge" were held to mean "a present readiness to commence the actual discharge."

The consignee in this case, having received verbal notice of the arrival of the vessel off Liberty Island at about 9 a. m. of September 8th, gave notice to her agents, designating Nineteenth street, East river, for her berth, within an hour or two afterwards, before any written notice of readiness to discharge was received. About 11 a. m. of the same day a written notice of such readiness was given him. This, however, was a false notice, as the vessel was still off Liberty Island. Addicks v. Three Hundred and Fifty-Four Tons Crude Kainit (D. C.) 23 Fed. 727. It was her duty to go to the berth designated, since it was a proper one, at her own expense, and until she arrived there she was not "all ready to discharge." She did not procure towage to go to her berth until the next day, and arrived there at 9 a. m. of September 9th, and then for the first time was she all ready to discharge. Under the charter, therefore, the lay days did not begin to run until 6 a. m. of the next working day, which was Monday the 11th. More than 10 hours out of the 24 of that day appear to have been rainy, which by the charter should therefore be deducted. As the vessel was discharged by 9 a. m. of the 21st, on deducting the above and 1 Sunday and 1 day's disability of the vessel, the discharge I find was completed within the lay-day period of 7 days 17 hours, to which the charterer was entitled.

There can be no question of the charterer's designation of a berth within a reasonable period, as this designation was within two to three hours after his first notice of the vessel's arrival. Under the charter the consignee was not thereafter required to be in readiness to begin discharge until 6 a. m. of the next day after receipt of a written notice that the vessel had arrived at her berth and was in fact "all ready to discharge." In Smith v. Lee, 13 C. C. A. 506, 66 Fed. 344, the notice required was only "notice of arrival at the port,"—a very different thing from being "all ready to discharge." Had the master chosen to incur some additional expense in towage, he could have had his vessel docked on the 8th, and by notice thereof have set the lay days running at 6 a. m. of the 9th. Libel dismissed with costs. In the libel for payments made for weighing out the cargo, the libelant is entitled to a decree with costs.